**\* GEO. C. GARRETSON v. JULIA A. GARRETSON.**

**1. COURT MAY APPOINT WIDOW WHEN RESISTED BY A SON.**

Where a widow applies to the probate court for letters of administration on the estate of her deceased husband, which is resisted by the next of kin, a son of the deceased, the court may, if it thinks fit so to do, grant such letters to the widow, unless good cause be shown why it should not be done.

**2. POST-NUPTIAL AGREEMENT TO SUPPORT HERSELF DOES NOT PREVENT.**

Where on such application the only evidence offered by the next of kin in opposition thereto, was a written agreement made between the husband and wife, about ten years before the death of the former, by which they agreed to live separate and apart from each other during their lives. And in consideration of $2,500 to be paid by him to her, the receipt of which she acknowledged therein, she agreed to support and maintain herself without any charge upon him, and in no event at any time to lay any claim to the property of her husband, it was not error on the part of the court to grant her application.

**3. COURT NOT BOUND THEREBY.**

There being no evidence that said post-nuptial agreement was fully carried out, or that it was a fair, reasonable and just one under all the circumstances of the case, the court was not bound to give any weight thereto.

**4. RIGHT TO YEAR'S SUPPORT NOT WAIVED BY POST-NUPTIAL AGREEMENT.**

Even if this had been shown, as this agreement did not waive her right to a year's support from her husband, on this ground the court might rightly appoint her as administratrix thereof.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

Waiving the question whether the appointment of Mrs. Garretson as administratrix of the estate of her late husband, was a final order which could be reviewed on error, or whether the proceeding in the probate court was of that adversary character which entitled Dr. Garretson, as the son of the intestate, to prosecute error to reverse the order appointing the wife as administratrix, without a motion to set that order aside, we are of the opinion that there was no error as shown by the record in the action of the probate court, and that the court of common pleas did not err in affirming it.

---

\* This judgment was affirmed by the supreme court, without report, March 28, 1893. It also affirms the probate decision, Goebel, 187.

It sufficiently appears from the bill of exceptions taken, that Julia A. Garretson was the widow of Dr. Jos. Garretson, the intestate. The court therefore had the right and discretion to appoint her as administratrix of his estate, under the provisions of our statute, in preference to an heir-at-law, if it saw proper to do so, unless something was introduced in evidence which showed that it had no such right. It sufficiently appeared, too, we think, that the plaintiff in error, Geo. C. Garretson, was the only child and heir-at-law of the intestate.

The only evidence offered in opposition to the appointment of the widow, was a written agreement made between the husband and wife, some ten years before the death of D. Garretson, by which they agreed to live separate and apart from each other during their lives. And in consideration of $2,500, to be paid by him to her, the receipt of which she acknowledged therein, she agreed to support and maintain herself without any charge upon him, and in no event, at any time, to lay any claim to the property of her husband.

There was no evidence offered to show that this agreement was ever carried out, other than the acknowledgment therein that the $2,500 was paid. For all that appears, the parties may have resumed marital relations, and there was nothing whatever to show that this post-nuptial agreement was a fair, reasonable or just one under all the circumstances of the case. To make it valid or binding upon her, the proof adduced should show this. Glidden v. Taylor, 16 O. S., 521, and Grogan v. Garrison, 27 O. S., 50.

Even if the provision made for her by this settlement was a fair one, under the authority of Spangler v. Dukes, 39 O. S., 642, which was a case where the wife had accepted a provision made for her during marriage by her husband "in full of all her claims as widow against his estate, including her right to dower," it would appear that she would be entitled to her year's support from her husband's estate, unless the fact that she lived separate from him would bar her of this, which I think is not the law. Being interested to this extent at least, she is not excluded from administering. But it is sufficient for us to say, that on the evidence set out in the bill of exceptions, we see no error in the action of the probate court, and the common pleas did not err in affirming it.

Wm. Strunk and H. M. Cist, attorneys for plaintiff in error.

Burch & Johnson, attorneys for defendant in error.